Christina M. Roberto No. 317139
Patrick M. Laurence No. 228272
Anneliese J. Bradley No. 347523
**TITTMANN WEIX LLP**
350 S. Grand Ave., Suite 1630
Los Angeles, California 90071
Phone: (213) 797-0630
croberto@tittmannweix.com
plaurence@tittmannweix.com
abradley@tittmannweix.com

Attorneys for Plaintiff
AMERICAN BANKERS INSURANCE COMPANY
OF FLORIDA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,<br><br>    Plaintiff,<br><br>    v.<br><br>MIESHA SHAKES, KEVIN HART, and K. HART ENTERPRISES, INC.,<br><br>    Defendants. | Case No. 2:24-cv-02804-RGK-RAO<br><br>**AMERICAN BANKERS INSURANCE COMPANY'S OPPOSITION TO MIESHA SHAKES MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY THIS CASE**<br><br>**Hearing:**<br>**Date:**     July 15, 2024<br>**Time:**     9:00 am<br>**Judicial Officer: R. Gary Klausner**<br>**Courtroom: 850, 8th Floor**<br><br>Complaint Filed: April 5, 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff American Bankers Insurance Company of Florida ("American Bankers) hereby files this Opposition to the Motion to Compel Arbitration and Dismiss or Stay This Case filed by Defendant Miesha Shakes ("Shakes"). American Bankers concedes that the renter's insurance policy attached to its Complaint contains an Arbitration Provision which, by its terms, is governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. Nonetheless, American Bankers filed its Complaint for Declaratory Relief in this Court because, among other things, Defendants Kevin Hart and K. Hart Enterprises, Inc. ("Hart Defendants") are not parties to the Arbitration Provision and therefore cannot be compelled to arbitrate thereunder. While American Bankers questions how the self-represented Shakes' interests are served by compelling part of this matter into arbitration, it concedes that its claims against Shakes are arbitrable.

Shakes' request to *dismiss* the action, however, must be rejected for two independent reasons: *first*, the United States Supreme Court recently held that, while the Federal Arbitration Act permits the stay of an action which is subject to arbitration, it does not permit dismissal of the action; and *second*, the entire action cannot be dismissed in any event because there are no grounds to compel the arbitration of American Bankers' causes of action against the Hart Defendants.

Likewise, Shakes' request to stay the entire action must also be denied for multiple reasons given the non-arbitrable causes of action against the Hart Defendants: *first*, the Ninth Circuit has expressed a preference for proceeding with the non-arbitrable claims when feasible; *second*, staying the causes of action against the Hart Defendants will not serve efficiency or judicial economy because the arbitration decision will not have any binding effect on this Court; *third*, because the arbitration decision will have no preclusive effect on this Court, staying the causes of action against the Hart Defendants would only needlessly delay the resolution of those claims; and *fourth*, any potential for inconsistent

findings or rulings will not be obviated by a stay of the entire action.

For all these reasons and those explained in greater detail below, Shakes' request for a dismissal must be denied and American Bankers' causes of action against the Hart Defendants should be allowed to proceed in this Court.

## II.  BACKGROUND

American Bankers brought this action to obtain a declaratory judgment concerning the rights, obligations, and liabilities of the parties under a certain policy of renter's insurance, Policy Number RI 8398987, issued to Shakes ("Policy") in relation to a lawsuit filed by the Hart Defendants, entitled *Kevin Hart, et al. v. Miesha Shakes, et al.*, Case No. 23STCV31516, currently pending in Los Angeles County Superior Court ("Underlying Action"). (Dkt. #1). Specifically, American Bankers seeks a judicial declaration that it owes Shakes neither a duty to defend nor a duty to indemnify in the Underlying Action. (Dkt. #1). The Hart Defendants have been named as defendants to all causes of action alleged in the Complaint. (Dkt. #1).

The Policy contains an Arbitration Provision between American Bankers and any insured or additional insured under the Policy. (Dkt. #1-1, p. 38 of 49). The Policy identifies Shakes as the Named Insured. (Dkt. #1-1, p. 3 of 49). Neither of the Hart Defendants is an insured or additional insured under the Policy. (Dkt. #1-1). The Arbitration Provision states, in relevant part: "This Arbitration Provision is part of a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*" (Dkt. #1-1, p. 3 of 49).

## III.  DISCUSSION

### A.  **This Action Cannot Be Dismissed as Requested by Shakes Because Dismissal is Prohibited by the FAA and Because the Causes of Action Against the Hart Defendants Are Not Subject to Arbitration.**

Shakes' request to dismiss this action based on the existence of the Arbitration Provision in the Policy must be rejected for two independent reasons. (See Dkt. #27, p. 2 of 18 [requesting the Court "to dismiss or stay the action"]).

*First*, the Arbitration Provision in the Policy states that "it shall be governed by the Federal Arbitration Act." (Dkt. #1-1, p. 3 of 49). The United States Supreme Court very recently held that, while the Federal Arbitration Act permits the stay of an action which is subject to arbitration, it does not permit dismissal of the action. *Smith v. Spizzirri*, ⸺ U.S. ⸺, 144 S.Ct. 1173, 1175, ⸺ L.Ed.2d ⸺ (2024) ("The question here is whether § 3 [of the FAA] permits a court to dismiss the case instead of issuing a stay when the dispute is subject to arbitration and a party requests a stay pending arbitration. It does not.") As such, Shakes' request for a dismissal of the action must be denied.

*Second*, this action involves both arbitrable and non-arbitrable claims. The Hart Defendants are not parties to the Policy and therefore are not bound by its Arbitration Provision. As such, the entire action cannot be dismissed as requested by Shakes because there are no grounds to compel the arbitration of American Bankers' causes of action against the Hart Defendants.

Accordingly, Shakes' request to dismiss the action must be denied in its entirety.

### B.  The Causes of Action Against the Hart Defendants Are Not Subject to Arbitration and Should Be Allowed to Proceed in This Court.

Shakes has not offered any argument or evidence to meet her burden of showing that the entire action must be stayed. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708, 117 S.Ct. 1636, 1651, 137 L.Ed.2d 945 (1997). In particular, Shakes has not met her burden of establishing that American Bankers' causes of action against the Hart Defendants should be stayed. Such claims are not subject to arbitration and should be allowed to proceed in this Court.

*First*, the Ninth Circuit has expressed "a preference for proceeding with the non-arbitrable claims when feasible." *United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*, 46 F. App'x 412, 415 (9th Cir. 2002) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 225 (1985) (White, J., concurring)).

*Second*, staying the causes of action against the Hart Defendants will not serve efficiency or judicial economy because the arbitration decision will not necessarily have

any binding effect on this Court. *See, e.g.*, *Chen v. Bank of Am., N.A.*, No. CV 19-6941-MWF (SK), 2020 WL 4561658, at *3 (C.D. Cal. Mar. 31, 2020) ("As the arbitration is not binding on the Court, the arbitrator's decision will not necessarily impact the outcome of the non-arbitrable claims."); *Congdon v. Uber Techs.*, 226 F.Supp.3d 983, 991 (N.D. Cal. 2016) (defendant "has not presented the Court with any authority indicating that the decision of the arbitrators ... would in some way bind the Court"); *California Crane School, Inc. v. Google LLC*, 621 F.Supp.3d 1024, 1033 (N.D. Cal 2022) ("[Defendant] does not contend that the arbitrator's findings of fact or law in Plaintiff's arbitration against [Co-Defendant] would be binding on this Court or otherwise have any impact on the non-arbitrable claims left here"). Notably, Shakes has not argued—or even attempted to argue—that the arbitration of the causes of action against her would have any preclusive effect on the causes of action against the Hart Defendants.

*Third*, because the arbitration decision will have no preclusive effect on this Court, staying the causes of action against the Hart Defendants would only needlessly delay the resolution of those claims. *See, e.g.*, *California Crane School, Inc. v. Google LLC*, 621 F.Supp.3d at 1033-1034 ("Since Plaintiff and [Defendant] will presumably need to eventually litigate the remaining non-arbitrable claims irrespective of whatever happens in the arbitration [with Co-Defendant], proceeding with this lawsuit would not waste judicial resources. To the contrary, staying the non-arbitrable claims would only serve to needlessly delay their resolution").

*Finally*, any potential for inconsistent findings or rulings will not be obviated by a stay of the entire action. *See, e.g.*, *Global Live Events v. Ja-Tail Enters., LLC*, No. CV 13–8293 SVW, 2014 WL 1830998, at *3 (C.D. Cal. May 8, 2014) (collecting cases and concluding that "without knowing whether one forum's judgment will have an issue preclusive effect in the other forum – before deciding whether to grant a stay – a desire to avoid inconsistent results does not counsel in favor of one forum preceding the other forum").

## IV. CONCLUSION

For all the foregoing reasons, Shakes' request for a dismissal must be denied and American Bankers' causes of action against the Hart Defendants should be allowed to proceed in this Court.

Dated: June 24, 2024

TITTMANN WEIX LLP

By: _____
Christina M. Roberto
Patrick M. Laurence
Anneliese J. Bradley

Attorneys for Plaintiff
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA

Case No. 2:24-cv-02804-RGK-RAO     6
AMERICAN BANKERS INSURANCE COMPANY'S OPPOSITION TO MIESHA SHAKES MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY THIS CASE

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for American Bankers Insurance Company of Florida, certifies that this Opposition contains 1617 words, which complies with the word limit set by court order dated May 31, 2023.

Dated: June 24, 2024

TITTMANN WEIX LLP

By: _____
Christina M. Roberto
Patrick M. Laurence
Anneliese J. Bradley

Attorneys for Plaintiff
AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA